No. 3542.—STATE ex rel. D. C. BYERLY, Clerk of the Third District Court, v. JOHN S. WALTON, Administrator of Finance.

A clerk of one of the district courts of the parish of Orleans has not such interest, either as clerk of the court or as a citizen and taxpayer, as will authorize him to invoke the writ of mandamus to regulate the jurisdiction of the several courts of the parish. The clerk of a court can not, therefore, obtain a mandamus against the Administrator of Finance, compelling him to bring suits in his court against delinquent taxpayers, although the court of which he is clerk alone has jurisdiction of such suits when brought. The question as to whether suit is to be brought, is left to the discretion of the officers having control of the finances of the city.

APPEAL from the Eighth District Court, parish of Orleans. Dibble; J. Semmes & Mott, for plaintiff. George S. Lacey, City Attorney, for defendant and appellant.

WYLY, J. The relator alleges that he is the clerk of the Third District Court; that said court is the only court of competent jurisdiction to entertain suits for the recovery of taxes due the city of New Orleans, where the amount is one hundred dollars or less; that in such cases none of the other district courts of the parish of Orleans have jurisdiction; that John S. Walton, the Administrator of Finance, has declared his intention to publish, and has published in the official journal, the list of taxpayers who have failed to pay the taxes for the year 1871, exigible on the thirty-first July, 1871, and that it is his intention to file all tax bills or claims for taxes of that year in the Fourth and Eighth District Courts, whether the same exceeds or is less than one hundred dollars in amount, claiming the right to do so under the provision of the ninth section of the act approved thirteenth March, 1871.

The relator further avers that said section gives no such right to the administrator, and was not intended to give him authority to select courts for the filing of tax bills or claims in any court but the court having jurisdiction to try the same; that the relator has called on the Administrator of Finance and demanded that all suits for the collection of taxes, where the amount claimed is one hundred dollars and under, shall be filed in the Third District Court, parish of Orleans,

which demand has positively been refused; that the amount allowed
by law for such suits greatly exceeds five hundred dollars, and that
the relator is injured at least one thousand dollars by the refusal of
the Administrator of Finance as aforesaid.

The prayer of the petition is that the writ of mandamus issue, com-
manding the said Administrator of Finance to publish the list of tax
bills or claims in the official journal, and if said tax bills or claims are
not paid within the legal delay, after said publication, to file suit on
the same in the Third District Court, where the claims amount severally
to one hundred dollars or less.

The clerks of the Fourth and Eighth District Courts intervened on
the grounds stated in their petition. The answer of the Administrator
of Finance discloses several grounds of defense. The most important
is that the relator has no interest to appear, and seek to regulate the
jurisdiction of the several courts; the only interest which he avers
being that of prospective fees, which is not such as is deemed in law
an interest, authorizing him to appear in the capacity of relator here-
in; that if it be true that the respondent can be made to institute suits
in disregard to the statute cited and relied on by him, and contrary to
the direction of the City Council, the writ of mandamus would not
lie to compel him to institute tax suits of the amount of one hundred
dollars or less in the Third District Court, because the justices of the
peace have concurrent jurisdiction, and the respondent would have
discretion in the selection. The court dismissed the intervention and
rendered the mandamus peremptory as prayed for by the relator.
From this judgment the Administrator of Finance and the city of
New Orleans have appealed.

We think the judgment of the court below is erroneous. The rela-
tor discloses no interest to justify this litigation. Until he earns fees
the city of New Orleans owes him nothing. Where does he get the
right, either as clerk or as a citizen, to exercise supervisory control
over the city of New Orleans or its Administrators? We do not see
what right he has to demand of the Administrator of Finance that he
shall publish the list of delinquent tax payers in the official journal;
and also demand of him that certain suits shall be instituted by the
city in the Third District Court, of which he happens to be clerk. To
make such demands is certainly not one of the prerogatives of his
office. If the city should sue one of its delinquent tax payers in the
wrong court, it might be the interest of the latter to complain; or if
he chose to make no objection the judgment would be without effect,
because the decree of a court without jurisdiction ratione materiæ is
an absolute nullity. But, say the counsel, suits of this kind will in-
volve the city in debt, such cost bills being an unnecessary and idle
expenditure of money; and as tax payer the relator has an interest in

State ex rel. Byerly, Clerk of the Third District Court, v. Walton, Administrator of Finance.

suing to prevent the evil. It will be time enough for the relator to complain, as a tax payer, when he is called upon to pay an illegal or improper tax.

The city government can not be administered if its operations are to be embarrassed with the supervision of every tax payer, or if each tax payer has the right, by suit, to prevent it from incurring such debts as he may fancy to be illegal, improper or unwise.

We entirely agree with the respondent, that the clerk of the Third District Court has no interest to apply for the remedy of mandamus, in order to regulate the jurisdiction of the several courts of the parish of Orleans. As to him, we think, this is purely a speculative question, which this court will not undertake to solve, because he has no interest, as far as the record shows, to demand the solution thereof.

Let the judgment appealed from be annulled, let the mandamus be disallowed and the petition be dismissed at the costs of the relator.

Rehearing refused.